# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOSEPHINE CRUZ<br><br>v.<br><br>JED JOHNSON, SECRETARY,<br>DEPARTMENT OF HOMELAND<br>SECURITY | §<br>§<br>§   Civil Action No. 4:15-CV-00302<br>§   Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #31). Having considered the relevant pleadings, the Court determines Defendant's motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Josephine Cruz ("Cruz"), who is Hispanic, was an employee for the Federal Emergency Management Agency ("FEMA"), which is part of the Department of Homeland Security. Cruz worked as a Human Services Specialist at FEMA's National Processing Center from 2008 until her employment was terminated in March 2013. FEMA terminated Cruz for lack of candor, for unprofessional conduct, and for failure to follow instructions. On May 5, 2015, Cruz filed her complaint against FEMA, alleging race-based employment discrimination and retaliation in violation of 41 U.S.C. § 2000e-2(a) and 3(a) (Dkt. #1).

On August 5, 2016, FEMA filed its motion for summary judgment (Dkt. #31). Cruz filed her response on September 2, 2016 (Dkt. #33). FEMA filed a reply on September 12, 2016 (Dkt. #35).

# LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth

particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires '"significant probative evidence'" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but must "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The Court determines FEMA is entitled to summary judgment on Cruz's claim for hostile work environment under Title VII for two reasons. First, Cruz has not exhausted her administrative remedies related to her hostile work environment claim. Before filing a Title VII claim in federal court, a federal employee must exhaust her administrative remedies. *Randell v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998). If the employee fails to comply with this requirement, the Court is deprived of jurisdiction over the claim. *Id.* Here, Cruz withdrew any formal Equal Employment Opportunity ("EEO") complaint related to a hostile work environment. A withdrawal of an EEO complaint is not an exhaustion of administrative remedies. *See White v. Frank*, 895 F.2d 243, 244 (5th Cir. 1990) ("[T]o withdraw is to abandon one's claim, to fail to exhaust one's remedies." (quoting *Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987))). Thus, the Court lacks jurisdiction over Cruz's hostile work environment claim. Second, Cruz does not establish a prima facie case for a hostile work

environment claim. Cruz must prove "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citation omitted). Cruz neither makes an effort to establish these elements nor does she respond to FEMA's arguments related to the claim. Further, Cruz has not separately pleaded a hostile work environment claim in her complaint. She alleges only employment discrimination and retaliation under 41 U.S.C. § 2000e-2(a) and 3(a). Therefore, the Court grants summary judgment for Cruz's hostile work environment claim.

After reviewing the summary judgment evidence, the Court further determines that there are issues of fact remaining related to Cruz's other causes of action. For these causes of action, summary judgment should be denied. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. #31) is hereby **GRANTED IN PART** and Plaintiff's claim for hostile work environment is hereby **DISMISSED**. The remainder of Defendant's motion is hereby **DENIED**.

**SIGNED** this 29th day of November, 2016.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE